IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-02410-PAB

CRESTCOM INTERNATIONAL, LLC, a Delaware limited liability company,

Petitioner,

v.

HISHAM A. "SEAN" DABBAGH, and
AL-ADL INTERNATIONAL TRAINING COMPANY, LLC,

Respondents.

---

## SECOND ORDER TO SHOW CAUSE

---

The Court takes up this matter on petitioner's Response to Order to Show Cause [Docket No. 5].

Petitioner asserts that there is diversity between the parties. Docket No. 1 at 2, ¶ 7. On September 27, 2022, the Court ordered petitioner to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 4. The Court indicated that the petition to confirm arbitration award failed to identify the members of petitioner Crestcom International, LLC and respondent Al-ADL International Training Company, LLC and, thus, to adequately allege the citizenship of petitioner and respondent. *Id.* at 3-4. The response to the order to show cause does not cure this deficiency with regard to petitioner's citizenship.

"An unincorporated entity's citizenship is typically determined by its members' citizenship." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Thus, a limited liability company is a citizen of every state of which its

members are citizens.  *See Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d
1233, 1237-38 (10th Cir. 2015).

Petitioner alleges that it has thirteen members, including Farragut SBIC Fund II
Blocker Corp. ("Farragut"), which petitioner alleges is a Delaware corporation.  Docket
No. 5 at 2, ¶ 13.  A corporation is a citizen of both the state of its place of incorporation
and principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Although petitioner states
that Farragut is a Delaware corporation, petitioner says nothing about Farragut's
principal place of business.  Therefore, the Court is not able to determine Farragut's
citizenship.

Petitioner alleges one of petitioner's members is BDK Investments, Ltd.   Docket
No. 5 at 2, ¶ 4.  Petitioner alleges that the "sole member of BDK Investments, Ltd., is
Michael Bailey . . . a citizen of Texas."  *Id.*  Petitioner's allegations are insufficient for
the Court to determine whether BDK Investments Ltd. is a limilted liability corporation, in
which case its citizenship is determined by the citizenship of its members, or a
corporation, in which case its citizenship is determined by its principal place of business
and state of incorporation.  Accordingly, the Court is unable to determine BDK
Investment's citizenship.

Petitioner also alleges one of its members is Faragut SBIC Fund II, LP ("SBIC").
*Id.* at 3, ¶ 14.  Petitioner alleges that the "managing partners" of SBIC are Javier
Aguirre, Phillip McNeill, and Robert Hagerty of Washington D.C.  *Id.*  A limited
partnership's citizenship is determined by the citizenship of all its members.  *See Grupo
Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) (recognizing the "accepted

2

rule" that a partnership "is a citizen of each State or foreign country of which any of its partners is a citizen"); *Mierzwa v. Safe & Secure Self Storage, LLC*, 493 F. App'x 273, 277 n.5 (3d Cir. 2012) (unpublished) (citing *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)) ("For the limited liability company and limited liability partnership defendants, diversity jurisdiction is determined by the citizenship of each of their members."); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 666 n.1 (7th Cir. 2008) (assessing citizenship of LLP based on citizenship of each partner); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens").  Petitioner's identification of "managing partners" fails to note whether SBIC has general or limited partners and fails to identify the citizenship of each individual partner.  Docket No. 5 at 3, ¶ 14.

Finally, petitioner alleges one of its members is Crestcom PEP Investors, LLC ("PEP").  Docket No. 5 at 3, ¶ 15.  Petitioner states that its "best information is that PEP's members include a combination of individuals and companies disclosed" in the other portions of its response to the order to show cause.  *Id.*  Petitioner states it "has no information that would indicate that any of PEP's members are citizens of the Kingdom of Saudi Arabia" of which respondents are citizens.  *Id.*  As the Court previously stated, a negative allegation of citizenship is not sufficient.  *See* Docket No. 4 at 4 (citing *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011) (holding that allegations of LLC's citizenship in the negative are

insufficient to establish diversity jurisdiction); 13E Charles A. Wright et al., Fed. Prac. & Proc. § 3611 (3d ed. 2009) (updated Oct. 2020) ("Neither is a negative statement that a party is not a citizen of a particular state usually sufficient."); *Cf. Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted))). Petitioner does not identify the members of PEP with sufficient specificity for the Court to determine its citizenship.

The Court is unable to determine the citizenship of SBIC, BDK Investments, Ltd., Farragut, and PEP, and thus petitioner's citizenship. Because the allegations are presently insufficient to allow the Court to determine the citizenship of petitioner and whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), petitioner will be given one more opportunity to demonstrate the Court's jurisdiction. It is therefore

**ORDERED** that, on or before **October 20, 2022**, petitioner shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED October 12, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge